## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

RICKY LYNN EDWARDS,        :
                                :

      Plaintiff,             :
                                :

v.                              :     CIVIL ACTION NO. _____
                                :

CSX TRANSPORTATION, INC.    :
                                :

      Defendant.          :

## COMPLAINT

COMES NOW Ricky Lynn Edwards and files this his Complaint against Defendant, CSX Transportation, Inc., respectfully showing this Court as follows:

### Nature of the Case - Jurisdiction - Parties

1.

Plaintiff Ricky Lynn Edwards is a citizen and resident of the State of Tennessee, residing within this District in Erwin, Tennessee.

2.

Defendant CSX Transportation, Inc. ("CSXT") is a common carrier and a Virginia Corporation doing business in the State of Tennessee with railroad lines, tracks, and rolling stock operating within this District within the jurisdiction of this Honorable Court. Defendant can be served in this case through its registered agent in the State of Tennessee, Corporate Creations Network, Inc., 205 Powell Pl., Brentwood, Williamson County, Tennessee 37027-7522.

3.

This action is maintained pursuant to 45 U.S.C. § 51-60 (commonly referred to as the Federal Employers' Liability Act-FELA) and 49 U.S.C. § 20701 et. Seq. (commonly referred to as the Locomotive Inspection Act-LIA).

1

4.

Jurisdiction and Venue are proper within this District pursuant to 45 U.S.C. § 56 as the Defendant is doing business in this district at the time of the commencement of this action. Plaintiff avails himself of the rights, benefits, and immunities afforded him under said Acts, including the right to maintain this action in this Honorable Court.

## Statement of Facts

5.

On May 28, 2012, Plaintiff sustained serious and permanent injuries while on the job and working in the course and scope of his employment as a locomotive engineer for CSXT in Mitchell County, North Carolina.

6.

The CSXT job required plaintiff as engineer to operate a train from Bostic, S.C. to Erwin, Tennessee.

7.

While waiting on the locomotive in a siding for another train to pass, plaintiff began to feel sick. He needed to vomit.

8.

Plaintiff wanted to vomit in the bathroom on the locomotive, but he could not use the bathroom because of the strong odor of chemicals and human waste and evidence of human waste visible in the bathroom.

Because the unsanitary condition of the bathroom, Plaintiff went outside the cab of the locomotive, and after bracing himself on the handrail, vomited over the rail.

10.

While he was vomiting Plaintiff fell headfirst off the locomotive onto the ground below.

11.

As a result of the fall, Plaintiff lost consciousness then awoke in the ballast covered in blood, until he was discovered by a co-worker.

12.

Plaintiff sustained serious and permanent injuries due to his fall which have required medical care including surgery.

## Statement of Claims

### Count I

### Locomotive Inspection Act

13.

Plaintiff realleges paragraphs 1-12 as if each was set forth in its entirety.

14.

49 U.S.C. 20701, et seq (known as the LIA) provides:

"a railroad carrier may use or allow to be used a locomotive or tender on its railroad lines only when the locomotive or tender and its parts and appurtances (1) are in proper condition and safe to operate without unnecessary danger of personal injury; (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and (3) can withstand every test prescribed by the Secretary under this chapter."

3

15.

Specifically 49 C.F.R. part 229 sets forth railroad locomotive safety standards including Parts 229.137, 229.139 and 229.5 which set forth the requirements as to how locomotives must be equipped with regard to Sanitation facilities in general, servicing requirements of the sanitation facilities on the locomotive and that the locomotive restrooms (sanitation facilities) must be sanitary or will be deemed in violation of the Locomotive Inspection Act.

16.

Specifically, 49 C.F.R. Part 229.5 defines a bathroom as unsanitary if it is lacking any condition in which any significant amount of filth, trash or human waste is present in such a manner that a reasonable person would believe the condition might constitute a health hazard; or of strong, persistent chemical or waste odors sufficient to deter use of the facility, or give rise to a reasonable concern with respect to exposure to hazardous fumes. Such conditions include…strong persistent chemical or human waste odors in the compartment.

17.

The LIA imposes an absolute duty on CSXT to maintain parts and appurtenances of their locomotives in safe and proper condition including requiring that sanitation facilities on a locomotive must be inspected, serviced and maintained in a sanitary condition.

18.

The CSXT locomotive involved in the incident described herein was in violation and breach of the LIA as it was unsanitary as defined by law and in such a condition as to deter use of the facility due to its unsanitary condition including but not limited to the presence of strong persistent odors of waste and chemicals.

4

19.

CSXT is therefore strictly liable to plaintiff for any injury to plaintiff resulting in whole or in part from CSXT's violations of the LIA.

20.

As a direct result of the condition of the bathroom plaintiff did not use the toilet to vomit, fell from the engine and suffered serious and permanent injuries.

## Count II

### FELA Negligence Claim

21.

Plaintiff realleges paragraphs 1-20 as if each was set forth in its entirety.

22.

CSXT is required to provide its employees including Plaintiff with a reasonably safe place to work pursuant to the Federal Employee Liability Act (FELA).

23.

Pursuant to the FELA CSXT is liable to an employee in damages suffering an injury resulting in whole or in part from the negligence of its officers, agents or employees or by reason of any defect or insufficiency due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, or other equipment.

24.

Defendant, acting through its agents, servants, and/or employees, negligently failed to provide Plaintiff with a reasonably safe place to work by failing to properly inspect, clean and maintain the restroom on the locomotive to which he was assigned to work in a sanitary and safe manner.

CSXT knew or reasonably should have known that the bathroom was unsanitary and not fit for use.

26.

As a result of Defendant's negligence as detailed above, Plaintiff was injured.

27.

Defendant thus violated the provisions of the Federal Employers' Liability Act in that Defendant failed to provide Plaintiff with a reasonably safe place in which to work, and this negligence caused, in whole or in part, Plaintiff's injuries.

**Damages**

28.

Plaintiff shows that as a result of the actions and/or inactions, including violations of the LIA and the FELA, of the Defendant as described above, he sustained severe and permanent mental and physical injuries the full extent of which are unknown at this time. As a result of his injuries, Plaintiff has undergone extensive medical treatment including surgery and in all likelihood he will undergo additional medical treatment for his injuries in the future. Plaintiff's injuries are permanent and disabling in nature, and Plaintiff has suffered and will continue to suffer severe pain and mental anguish in the future. Plaintiff has lost a considerable amount of wages in the past and will have further wage loss in the future, and Plaintiff's power and capacity to work and earn money in the future has been permanently impaired.

29.

Plaintiff claims damages against the Defendant in an amount to be shown by the evidence at trial for his injuries, for his pain and suffering, past, present, and future mental and physical,

for his loss of earnings during the period of time that he was disabled, for his lost future earnings and fringe benefits and for his loss of earning capacity in the future.

WHEREFORE, Plaintiff prays that he have judgment against the Defendant and that he be granted the following relief:

A.    That he be awarded special and general damages in an amount to fully and fairly compensate him for his injuries;

B.    That the cost of this litigation be assessed against the Defendant; and

C.    That this Court grant such other and further relief as it deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

**STEEL & MOSS, LLP**

/s/ John D. Steel
John D. Steel
Georgia Bar No. 677646
Application for admission pro hac vice pending
John A. Moss
Georgia Bar No. 526579
Application for admission pro hac vice pending

Attorneys for Plaintiff

3575 Piedmont Road, N.E.
15 Piedmont Center, Suite 1560
Atlanta, Georgia 30305
Tel: (404) 264-1292
Fax: (404) 264-0161